OPINION. Raum, Judge: The question for decision is whether petitioner derived capital gain, rather than ordinary income, upon the sale of the literary property, “Sorry, Wrong Number.” The only statutory provision relied upon by the Commissioner is section 117 (a) (1) (A) of the Internal Revenue Code of 1939, which defines “capital assets” to mean “property held by the taxpayer (whether or not connected with his trade or business),” but not to include “* * * property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.” At the end of the trial, the Court indicated its conclusions that, although the literary property in question had been held by petitioner in connection with Ms trade or business of being a director, it was not held by him primarily for sale to customers in the ordinary course of trade or business. The Court also announced its conclusion that the literary property had been held for more than 6 months. Thereafter, respondent requested permission to file a brief. Briefs have been filed by both parties, and they have been considered. Respondent’s brief does not challenge the findings of fact that were announced or were implicit in the conclusions announced by the Court at the end of the trial. Respondent does not now appear to contest the conclusion that the literary property was held for more than 6 months, or that petitioner was not engaged in the business of dealing in literary properties, either as a separate business, or as an adjunct to his being a director. Respondent’s position is a legal one, based upon his interpretation of section 117 (a) (1) (A), that since petitioner admittedly held the literary property, intending to sell it in connection with his trade or business of being a director, it was not a capital asset within the meaning of the provisions quoted above, because, in respondent’s view, the provisions dealing with property held primarily for sale to customers in the ordinary course of trade or business were intended to have a limiting effect only in the case of speculators or traders in securities. Respondent’s brief does indeed persuasively show that Congress was preoccupied with the problems of speculators and traders in securities when these provisions finally took form, and there appears much to be said in favor of limiting the provisions to speculators and traders. However, the statutory language is not so limited, and we do not see how we would be justified in rewriting the statute to attain that objective. The problem is a legislative one. As the statute is now written, it would require a distortion of the statutory language to read the words “held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business” so as to mean merely held for sale in connection with trade or business except in the case of speculators or traders, where the statute is to be given its normal interpretation. The issue here is not different from the comparable issue in Fred MacMurray, 21 T. C. 15, and we reach the same result in this case. The Commissioner has announced his acquiescence in the MacMurray decision. 1954^1 C. B. 5. Decision will he entered under Bule 50.